UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20054-CR-ALTMAN

UNITED STATES OF AMERICA

vs.

ANDRES FERNANDO MEDINA
RODRIGUEZ, a/k/a "Capi,"

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office")

and ANDRES FERNANDO MEDINA RODRIGUEZ, a/k/a "Capi," (hereinafter referred to

as the "defendant") enter into the following agreement:

1.  The defendant agrees to plead guilty to Counts 2 and 5 of the indictment, which counts

charge the defendant with Conspiracy to Murder Members of the Uniformed Services in violation

of Title 18, United States Code, Sections 1117 and 1114(1) and Attempted Murder of Members of

the Uniformed Services in violation of Title 18, United States Code, Section 1114(3).

2.  This Office agrees to seek dismissal of counts 1, 3, and 4 of the indictment, as to this

defendant, after sentencing.

3.  The defendant is aware that the sentence will be imposed by the Court after considering

the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

Guidelines").   The defendant acknowledges and understands that the Court will compute an

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's

probation office, which investigation will commence after the guilty plea has been entered.   The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory

2

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of up to 5 years, for Count 2, and impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to life, for Count 5. However, the Government of the United States has reaffirmed its commitment to the Government of Colombia to honor all assurances with respect to the defendant, including that the defendant will not be subjected to the imposition of life imprisonment. These sentences of imprisonment for Counts 2 and 5 may be run consecutively. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 per count and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment,

3

the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.   This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea

4

agreement, including but not limited to committing a state or federal offense, violating any term

of release, or making false statements or misrepresentations to any governmental entity or official.

8.   The defendant agrees that he shall cooperate fully with this Office by: (a) providing

truthful and complete information and testimony, and producing documents, records and other

evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any

trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and

other judicial proceedings, and at meetings, as may be required by this Office; and (c)   if requested

by this Office, working in an undercover role under the supervision of, and in compliance with,

law enforcement officers and agents.   In addition, the defendant agrees that he will not protect

any person or entity through false information or omission, that he will not falsely implicate any

person or entity, and that he that he will not commit any further crimes.

9.   This Office reserves the right to evaluate the nature and extent of the defendant's

cooperation and to make that cooperation, or lack thereof, known to the Court at the time of

sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation

is of such quality and significance to the investigation or prosecution of other criminal matters as

to warrant the Court's downward departure from the advisory sentencing range calculated under

the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may

make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or

Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of

the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided

substantial assistance and recommending that the defendant's sentence be reduced.   The

defendant understands and agrees, however, that nothing in this agreement requires this Office to

5

file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) the defendant will receive a credit for time served in a detention center/prison while pending extradition in Colombia from March 4, 2022 through November 29, 2023 for a total of 635 days; and

(b) while not currently available, the United States will not object to any future submission by the defendant of an International Prisoner Transfer Program application should the governments of the United States and Colombia enter into such an agreement and the defendant has completed at least half of his sentence.

12. This Office and the defendant agree that, although not binding on the probation office or the Court, this Office will not recommend a sentence greater than four hundred and twenty (420) months' imprisonment, the same sentence imposed on the defendant by the judicial branch of the Government of Colombia.

6

13.   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.   The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

14.   The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to 18 U.S.C. § 981(a)(1)(C); and all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any crime of domestic terrorism, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; or (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any crime of domestic terrorism; (iii) derived from, involved in, or used or intended to be used to commit any crime of domestic terrorism; or (iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government, pursuant to 18 U.S.C. §

7

981(a)(1)(G), all incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

15.   The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

16.   The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense[s] of conviction.   The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

17.   The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which

8

the sentence was imposed, unless the sentence exceeds four hundred and twenty (420) months or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

18. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

19. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

20. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to Counts 2 and 5 of the indictment, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that

9

no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

21.   After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge his deportation.  The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA") on the question of the defendant's removability from the United States.  The defendant further understands the rights the defendant would possess in a contested administrative proceeding and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

22.   The defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations.  These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or

10

revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States.   As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in Colombia on account of his race, religion, nationality, membership in a particular social group, or political opinion.   Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in, Colombia.

23.   The defendant agrees to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of his removal.   Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal.   The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

*[CONTINUED ON NEXT PAGE]*

11

24.  This is the entire agreement and understanding between this Office and the defendant.

There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date:  _3/22/24_         By: _____

RANDY HUMMEL
SENIOR LITIGATION COUNSEL

Date:  _3/22/24_         By: _____

ANDY R. CAMACHO
ASSISTANT UNITED STATES ATTORNEY

Date:  _3/21/24_         By: _____

GABRIELLE F. MCCABE
ATTORNEY FOR DEFENDANT

Date:  _3/21/24_         By: _____

ANDRES FERNANDO MEDINA RODRIGUEZ
DEFENDANT